REGAL SHOE COMPANY, Respondent, v. GENERAL OUTDOOR ADVERTISING Co., INC., Appellant.

First Department, February 26, 1937.

*Edward E. Weadock* of counsel [*Daniel S. Murphy* and *Emerson F. Davis* with him on the brief; *Greene & Hurd,* attorneys], for the appellant.

*Isaac Gluckman* of counsel [*Stanley S. Casden* with him on the brief; *Isaac Gluckman,* attorney], for the respondent.

McAvoy, J.   Plaintiff sues upon a written agreement between plaintiff's assignor and the defendant for a fixed term whereby defendant was to have the privilege of maintaining advertising displays on the roof of premises at One Hundred and Twenty-fifth street and Seventh avenue, New York, N. Y., at an annual payment of $1,200, payable in equal monthly installments.   Plaintiff claims that defendant abandoned and repudiated the contract, and seeks to recover $3,500, consisting of the installments for the last thirty-five months of the contract period from December 1, 1932, to October 31, 1935.

The amended answer admits the execution of the contract and alleges that in February, 1933, defendant " removed its advertising sign structures from the roof of said building and completely vacated and removed from said premises."   It also admitted that at such time defendant had failed to pay the three installments commencing December 1, 1932, and that no part of the amount sued for had been paid.

The affirmative defense alleges that on February 16, 1933, plaintiff served upon defendant a petition and precept in a summary proceeding, based upon non-payment of " rent " under the contract, instituted by plaintiff, as landlord, against defendant, as tenant; that the precept required defendant to remove forthwith from the premises, which defendant did on February 27, 1933; that plaintiff procured to be entered a final order in its favor, and defendant vacated prior to the time the warrant could issue.   It is claimed that such removal terminated the contract sued upon and any liability thereunder subsequent to February, 1933, and that plain-

tiff is estopped from asserting any claim under the contract. It is also alleged that the contract was rescinded and completely terminated by mutual consent as of February 27, 1933.

Prior to the trial the plaintiff was awarded partial summary judgment for the first three installments, concededly due and unpaid.

It appears that the defendant was in default in the payment of rent for the months of December, 1932, and January and February, 1933, and on February 16, 1933, plaintiff's assignor served a petition and precept upon the defendant. The petition stated that plaintiff was the "landlord" and defendant was "tenant." The final order in said dispossess proceeding was entered on defendant's default on February 21, 1933. Defendant elected to remove, and by February 27, 1933, the work of removing defendant's property, including its sign structure, was completed.

On March 4, 1933, plaintiff served upon defendant a summons in an action in the Municipal Court to recover rent for the months of December, 1932, January, February and March, 1933. Defendant served an answer alleging the summary proceedings as a defense.

Plaintiff says that the summary proceedings had been started by an employee of its attorney, who immediately advised defendant's attorneys that the summary proceedings had been instituted by mistake.

A motion was made to vacate the entire summary proceedings, on the ground that the Municipal Court was without jurisdiction of the subject-matter. Defendant opposed the motion, but it was granted and the summary proceedings withdrawn.

In May, 1933, the present action was commenced. After the granting of summary judgment for rent for months of December, 1932, and January and February, 1933, the action proceeded to trial as an action to recover the sum of $3,200.

At the close of the evidence the trial court directed a verdict for plaintiff in the full amount.

The conventional relationship of landlord and tenant did not exist between the parties to the agreement, so the rule that removal by a tenant of real property, after service of a precept or entry of a final order in summary proceedings, terminates the lease does not apply.

There is no proof that the contract was rescinded and completely terminated by mutual consent as of February 27, 1933. However, from the facts adduced at the trial it is clear that the plaintiff has estopped itself from asserting any further rights under the agreement. The defendant obeyed plaintiff's demand, expressed in the

precept and in the final order in the dispossess proceedings instituted by plaintiff, by removing its property from the premises and surrendering possession to plaintiff at considerable expense. Furthermore, there seems to be some doubt whether defendant could be placed in *statu quo* by restoring its property to the premises, on account of the provisions of the Building Code in force at the time of removal which prohibited the replacement of these structures in the manner in which they were originally constructed. Defendant certainly changed its position to its injury at the demand of plaintiff, so the plaintiff is precluded from asserting any claim against defendant accuring subsequent to such change of position.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.